FILED
7/2/21 4:33 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LARRY P. NEWBERRY | : | Bankruptcy Case No. 18-10899-TPA |
| CATHLEEN A. NEWBERRY | | |
| *Debtor(s)* | : | Chapter 13 |

## PLAN CONFIRMATION ORDER

**A**   It is hereby **ORDERED** that with the consent of the Debtor(s), the Chapter 13 Plan dated April 16, 2021, except as modified herein as checked below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court. Confirmation of this Plan pursuant to this Order is without prejudice to reconsideration following a status conference held by the Chapter 13 Trustee to gauge the progress of Plan implementation which ***Status Conference*** is scheduled for *N/A* (which may, upon agreement of the Parties, be continued from time to time *provided however* that following the 3rd continuance, the matter shall be set for hearing before the Court), following which time the Plan may be modified to the satisfaction of all Parties after notice and hearing before the Court, or the status conference may be marked closed by the Chapter 13 Trustee.

   **1.**   A Fee Application must be filed if fees (including retainer) exceed *$4,000*, including any fees paid to prior Counsel.

   **2.**   *Erie County TCB* will be paid as secured.

   **3.**   The plan provision for *CL#2 New Rez LLC* is stricken as dismissed by order of April 22, 2021 at Doc #48.

   **B**   **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

   **1.**   **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may only disburse funds pursuant to this confirmation order upon expiration of the foregoing twenty-eight (28) day period.

   **2.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

   **3.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

   **4.**   **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days

after the claims bar date.

**5.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**C    IT IS FURTHER ORDERED THAT:**

**1.**    Plan terms are subject to the resolution of: timely but yet to be filed claims including government claims; all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

**2**.    Following payment of allowed secured and priority claims the allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

**3.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**4.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**5.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

**6.**    Debtor(s) shall file an Amended Schedule I in the event of:

(a)    Household income increases, because of new employment, promotion, or otherwise, since any increase in disposable income shall qualify for modification under §1329 retroactive to the date of the increase.

(b)    A reduction in payroll withholding (including any Domestic Support Obligation and retirement loan(s) repayments), or any increase of 10% in household income. Any indicated increase in disposable income (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the payoff of the obligation or increase in household income.

(c)    Household income increases by 1% or more over most the recently filed Schedule I. Any indicated increase in disposable income (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the increase in household income.

**7.**    Debtor(s) shall provide Trustee annual tax returns and statements of income and expenses, in accordance with Section 521(f) and (g), and shall file an amended plan reflecting any increase in disposable income retroactive to date of increase.

**8.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**9.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

Revised 1/5/2021

   **10.**  In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: 6/25/2021

                 United States Bankruptcy Judge  jlm

cc: All Parties in interest to be served by Clerk in seven (7) days

Revised 1/5/2021

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-10899-TPA |
| Larry P. Newberry | Chapter 13 |
| Cathleen A. Newberry | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: jmar | Page 1 of 2 |
| Date Rcvd: Jul 02, 2021 | Form ID: pdf900 | Total Noticed: 8 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Larry P. Newberry, Cathleen A. Newberry, 28 Harley Avenue, Albion, PA 16401-1902 |
| cr | + | Ditech Financial LLC, PO Box 0049, Palatine, IL 60055-0001 |
| 14909756 | + | Albion Borough Tax Collector, 35 Jackson Avenue, Albion, PA 16401-1009 |
| 14924854 | + | Creditron Financial, 1571 West 38 Street, Erie PA 16508-2348 |
| 14909757 | | Ditech, PO Box 6172, Rapid City, SD 57709-6172 |
| 15229867 | | NewRez LLC d/b/a Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville, SC 29603-0826 |
| 14948522 | | The Bank of New York Mellon Trust Company, N.A., a, c/o Ditech Financial LLC, PO Box 6154, Rapid City, SD 57709-6154 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 14942958 | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Jul 02 2021 23:16:20 | Verizon, by American InfoSource as agent, PO Box 248838, Oklahoma City, OK 73124-8838 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | DITECH FINANCIAL LLC |
| cr | | Ditech Financial LLC as servicer for The Bank of N |
| cr | | NewRez LLC d/b/a Shellpoint Mortgage Servicing |
| cr | | The Bank of New York Mellon |
| cr | | The Bank of New York Mellon Trust Company, N.A., a |

TOTAL: 5 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2021        Signature:        /s/Joseph Speetjens

District/off: 0315-1 User: jmar Page 2 of 2
Date Rcvd: Jul 02, 2021 Form ID: pdf900 Total Noticed: 8

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2021 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Brian Nicholas | on behalf of Creditor Ditech Financial LLC as servicer for The Bank of New York Mellon Trust Company N.A., as successor to BNY Midwest Trust Company, BNY Midwest Trust Company, as successor Harris Trust and Savings Bank, bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor The Bank of New York Mellon Trust Company N.A., as successor to BNY Midwest Trust Company, BNY Midwest Trust Company, as successor Harris Trust and Savings Bank, as Trustee, of Bombardier Capital Mor bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor DITECH FINANCIAL LLC bnicholas@kmllawgroup.com |
| Joshua I. Goldman | on behalf of Creditor The Bank of New York Mellon josh.goldman@padgettlawgroup.com angelica.reyes@padgettlawgroup.com |
| Kenneth M. Steinberg | on behalf of Joint Debtor Cathleen A. Newberry julie.steidl@steidl-steinberg.com kenny.steinberg@steidl-steinberg.com;cgoga@steidl-steinberg.com;jbarlow@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com |
| Kenneth M. Steinberg | on behalf of Debtor Larry P. Newberry julie.steidl@steidl-steinberg.com kenny.steinberg@steidl-steinberg.com;cgoga@steidl-steinberg.com;jbarlow@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 8